_____

**Case No. 13-1566**

_____

IN THE UNITED STATES COURT OF APPEALS
SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Dist. Ct. Case No. 2:12-cr-20040 |
| Plaintiff/Appellee, | ) | |
| -vs- | ) | On Appeal from the United States District Court, Eastern District |
| THOMAS WOOTEN, | ) | of Michigan at Detroit |
| Defendant/Appellant. | ) | |
| | ) | |

---

**APPELLANT'S BRIEF OF LAW**
(Oral Argument Requested)

---

Jeffrey P. Nunnari, Esq. (0059691)
3349 Executive Parkway
Suite D
Toledo, Ohio 43606
Telephone: (419) 578-9246
Facsimile: (419) 531-5675
E-mail: jp59691@yahoo.com
www.jeffreynunnarilaw.com
Counsel for Appellant

Hala Y. Jarbou, Esq.
Assistant United States Attorney
211 W. Fort Street
Suite 2001
Detroit, Michigan 48226
Telephone: (313) 226-9734
Facsimile (313) 226-2372
E-mail: hala.jarbou@usdoj.gov
Counsel for Appellee

# TABLE OF CONTENTS

*Page*

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Argument & Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT:

THE DISTRICT COURT ERRED TO THE PREJUDICE OF
APPELLANT BY OVERRULING HIS MOTION TO SUPPRESS
HIS STATEMENTS TO THE POLICE.

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Designation of Relevant District Court Documents . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

*Cases*                                                                                                *Page*

*Miranda v. Arizona,* 384 U.S. 436 (1966). . . . . . . . . . . . . . . . . . . . . . . . . . . 11, n.1

*Missouri v. Seibert,* 542 U.S. 600 (2004). . . . . . . . . . . . . . . . . . . . . . 12, 15, 16, 17

*United States v. Al-Cholan,* 610 F.3d 945 (6th Cir. 2010). . . . . . . . . . . . . . . 11, 12

*United States v. Hill,* 195 F.3d 258 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Navarro-Camacho,* 186 F.3d 701 (6th Cir. 1999). . . . . . . . . . . . 11

*United States v. Pacheco-Lopez,* 531 F.3d 420 (6th Cir. 2008). . . . . . . . 12, 15, 17


*Statutes*

18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

18 U.S.C. § 2252A(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

18 U.S.C. § 2252A(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to Sixth Circuit Rule 34(a), Appellant Thomas Wooten respectfully requests oral argument because the court's consideration of the issues presented by this appeal may be assisted or advanced by the presence of counsel for the parties before the court to comment upon the issues and respond to inquiries from the court.

## JURISDICTIONAL STATEMENT

Subject matter jurisdiction was vested in the district court by virtue of 18 U.S.C. § 3231, which grants original jurisdiction to the district courts of all offenses against the laws of the United States. Defendant/Appellant Thomas Wooten ("Wooten") was convicted after trial by jury of two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). This appeal is specifically authorized by 28 U.S.C. § 1291, which authorizes appeals from final judgments of district courts. The judgment from which this appeal is being taken was entered by the district court on April 26, 2013 and a notice of appeal therefrom was filed prematurely in the district court on April 23, 2013.

## <u>STATEMENT OF THE ISSUE PRESENTED FOR REVIEW</u>

ISSUE I:   Incriminating statements given during the course of a custodial interrogation generally must be preceded by the administration of the *Miranda* warnings, or else the confession is inadmissible. Where a defendant is subjected to custodial interrogation, without the benefit of the *Miranda* warnings, and gives a confession, and then gives essentially the same confession a second time, after the *Miranda* warnings have been administered, the second confession may be admissible, notwithstanding the prior, unwarned confession. The issue presented by this case is whether Appellant's second, post-*Miranda* confession was properly admitted into evidence at trial given the facts of this case.

## STATEMENT OF THE CASE

Defendant/Appellant Thomas Wooten ("Wooten") stood trial on a superseding indictment charging him with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Superseding Indictment, RE# 35, Page ID 347 – 352.) Wooten sought to suppress key evidence against him through a pretrial motion to suppress evidence, which was denied after evidentiary hearing.

Wooten now takes this timely appeal. (RE# 52, Notice of Appeal, Page ID 413.)

## **STATEMENT OF RELEVANT FACTS**

Wooten came to the attention of authorities as a result of the execution of a search warrant at a location in Indiana in conjunction with an investigation into the distribution of child pornography. Information derived from the search revealed the online identities of several people, both in the United States and abroad, who appeared to be engaging in the trading of child pornography. (Transcript of Trial Proceedings, 12-10-12, pp. 37 – 55; No Page IDs.) Law enforcement was able to trace some of the online trading activities to an IP address associated with a residence shared by Wooten and an adult female by the name of Kristie Teltow. (Transcript of Trial Proceedings, 12-10-12, pp. 61 – 120; No Page IDs.)

A search warrant for the residence was obtained and child pornography was located on a "thumb" drive discovered on the floor behind a dresser in Wooten's room. Forensic examination of a computer to which Wooten and others had access also revealed trace evidence of child pornography. In addition to the computer evidence, a short (one minute, six seconds) video was discovered on Wooten's cell phone which appeared to depict Wooten's daughter performing fellatio on an adult male. (Transcript of Trial Proceedings, 12-11-12, pp. 11 – 110; No Page IDs.) Wooten was detained during the search of his residence, at which time he explained to law enforcement how he had come into possession of

the child pornography located on the thumb drive. This explanation was in response to police questioning and was not preceded by the administration of the *Miranda* warnings. Wooten was removed from the scene to the local offices of the FBI, where he was questioned further, but this time after the administration of the *Miranda* warnings. Wooten again provided agents with essentially the same information he provided in his earlier, unwarned statements. (Order of June 29, 2012, RE# 33, Page ID 336 – 345; Transcript of suppression hearing, RE# 32, Page ID 154 – 335, at Page ID 201, line 9 – Page ID 202, line 20.)

Wooten was subsequently charged as appears of record as a result of the evidence taken from him. Wooten moved to suppress key evidence against him obtained as a result of the search, including all physical evidence and his statements to law enforcement. The issues relevant to suppression were extensively briefed by the parties, both before and after the evidentiary hearing held on the motion. (Wooten's motion to suppress, RE# 18, Page ID 71 – 76; Wooten's reply brief, RE# 23, Page ID 111 – 122; Wooten's supplemental brief, RE# 27, Page ID 127 – 132; Government's response to supplemental brief, RE# 30, Page ID 136- 145.)

The district court denied the motion to suppress in two separate orders. (Order of May 10, 2012, RE# 25, Page ID 124 – 125; Order of June 29, 2012, RE# 33, Page ID 336 – 345; see also Transcript of Suppression Hearing, RE# 32,

Page ID 154 – 335, at Page ID 331 – 332.) The district court specifically found that Wooten was in custody at the time of his initial unwarned statements to the police. (Order of June 29, 2012, RE# 33, Page ID 336 – 345.) However, the district court found Wooten's second confession given at the FBI offices admissible, saying that the second confession was separate and distinct from Wooten's on-scene confession, and that the administration of the *Miranda* warnings at the FBI offices were effective to safeguard against any violation of Wooten's fifth amendment rights. (Order of June 29, 2012, RE# 33, Page ID 336 – 345.)

The matter proceeded to trial and Wooten was convicted on all counts and sentenced as appears of record. (Judgment and Commitment, RE# 55, Page ID 417 – 424.)

Wooten now takes this timely appeal. (RE# 52, Notice of Appeal, Page ID 413.)

## SUMMARY OF ARGUMENT

Wooten contends that the district court clearly erred in its factual finding that his first confession, given without the benefit of the *Miranda*[1] warnings, and his second, warned confession at the police station, were separate and distinct transactions as opposed to one continuous course of interrogation. Wooten further contends that this erroneous factual finding precipitated an incorrect legal conclusion that Wooten's second confession was admissible against him at trial.

## ARGUMENT

I.   THE DISTRICT COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO SUPPRESS HIS STATEMENTS TO THE POLICE.

*Standard of Review*

When reviewing the denial of a motion to suppress a statement allegedly taken in violation of a defendant's *Miranda* rights, this court reviews the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Al-Cholan*, 610 F.3d 945, 953 (6th Cir. 2010). A factual finding is clearly erroneous only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999). A reviewing court defers to the

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

district court's assessment of credibility, *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999), reviews the evidence in the light most likely to support the district court's decision, *Al-Cholan*, 610 F.3d at 954, and considers the evidence in the light most favorable to the government, *United States v. Pacheco-Lopez*, 531 F.3d 420, 423 (6th Cir. 2008).

*Argument*

Wooten contends that this court's rationale as set forth in *United States v. Pacheco-Lopez, supra,* is controlling with respect to his case. In *Pacheco-Lopez,* this court construed the United States Supreme Court's decision in *Missouri v. Siebert,* 542 U.S. 600 (2004), to require the suppression of Mr. Pacheco-Lopez's confession. This court referred to *Siebert's* five-part test when analyzing whether a confession preceded by the administration of the *Miranda* warnings is admissible where that confession is given after a prior, unwarned confession:

> (1) the completeness and detail involved in the first round of questioning; (2) the overlapping content of the statements made before and after the warning; (3) the timing and setting of the interrogation; (4) the continuity of police personnel during the interrogations; and (5) the degree to which the interrogator's questions treated the second round as continuous to the first.

*Pacheco-Lopez, supra,* at 427, citing *Seibert,* 542 U.S. at 615. Applying these five factors to this case supports suppression of Wooten's stationhouse confession.

1. The Completeness and Detail Involved in the First Round of Questioning.

The record at suppression in this matter with respect to this first factor weighs heavily against the government. Indeed, the only evidence adduced at suppression with respect to this factor came from Wooten himself. He testified that the questioning at the stationhouse was merely a repeat of the unwarned questioning at the scene of the search. (Transcript of suppression hearing, RE# 32, Page ID Page ID 154 – 335, at Page ID 201, line 9 – Page ID 202, line 20.) The government did not present any testimony to rebut Wooten's testimony in this regard. Accordingly, the only factual conclusion that can be properly drawn in relation to this factor is Wooten's testimony to this effect. The only difference between the on-scene questioning and the stationhouse questioning is Wooten's assertion that the questions and answers at the stationhouse got into more "technical" detail. (Transcript of suppression hearing, RE# 32, Page ID 154 – 335, at Page ID 202, lines 17 – 20.)

2. The Overlapping Content of the Statements.

This factor also weighs against the government, and for the same reasons as the first factor does. Again, the only testimony adduced at suppression in this regard is Wooten's testimony to the effect that the questioning at the stationhouse was merely a repeat of the unwarned questioning at the scene of the search. (Transcript of suppression hearing, RE# 32, Page ID Page ID 154 – 335, at Page

ID 201, line 9 – Page ID 202, line 20.) And again, the government failed to rebut this testimony with any evidence to the contrary.

3. The Timing and Setting of the Interrogation.

There is no question that Wooten was in the continuous custody of the same officers from the time of his initial on-scene questioning to his stationhouse questioning. The only breaks in the questioning occurred during Wooten's transport to the stationhouse and during several breaks for the restroom once at the stationhouse. Moreover, the questions asked at both locations were the same questions. It would be difficult to imagine that a reasonable person in Wooten's predicament would have viewed the on-scene questioning as a separate and distinct process from the stationhouse questioning given that the interrogators and their questions were the same. (Transcript of suppression hearing, RE# 32, Page ID Page ID 154 – 335.)

4. The Continuity of Police Personnel during the Interrogations.

This factor is supported by the same evidence as the other factors and weighs heavily against the government, and for the same reasons as already stated. (Transcript of suppression hearing, RE# 32, Page ID Page ID 154 – 335.)

5. The Degree to Which the Interrogator's Questions Treated the Second Round as Continuous to the First.

There is little evidence in the record to make a definitive determination with respect to this factor; however, the facts that support the previous four factors can be used to infer that the police used Wooten's previous, unwarned statements to elicit essentially the same information from Wooten at the stationhouse, and that Wooten was well aware that the officers were armed with Wooten's previous answers to their questions when they did so. Accordingly, it is difficult to say with any degree of credibility that a reasonable person in Wooten's position would have thought that the second round of questioning was not continuous to the first round. (Transcript of suppression hearing, RE# 32, Page ID Page ID 154 – 335.)

Thus, the *Seibert* factors weighed heavily in favor of suppression. And, as in *Pacheco-Lopez,* no effort was made by the officers to ensure that Wooten understood that his prior, unwarned statements could not be used against him. *Pacheco-Lopez,* 531 F.3d at 427. Consequently, any person in Wooten's position "would have viewed the two series of questions as part of one sequence." *Id.* at 427 – 428.

Wooten submits that the following passages from *Seibert* plurality opinion are instructive:

> The threshold issue when interrogators question first and warn later is thus whether it would be reasonable to find that in these circumstances the warnings could function "effectively" as *Miranda*

requires. Could the warnings effectively advise the suspect that he had a real choice about giving an admissible statement at that juncture? Could they reasonably convey that he could choose to stop talking even if he had talked earlier? For unless the warnings could place a suspect who has just been interrogated in a position to make such an informed choice, there is no practical justification for accepting the formal warnings as compliance with *Miranda*, or for treating the second stage of interrogation as distinct from the first, unwarned and inadmissible segment.

*Id.* at 611 – 612 (footnote omitted).

[T]he sensible underlying assumption is that with one confession in hand before the warnings, the interrogator can count on getting its duplicate, with trifling additional trouble. Upon hearing warnings only in the aftermath of interrogation and just after making a confession, a suspect would hardly think he had a genuine right to remain silent, let alone persist in so believing once the police began to lead him over the same ground again. A more likely reaction on a suspect's part would be perplexity about the reason for discussing rights at that point, bewilderment being an unpromising frame of mind for knowledgeable decision. What is worse, telling a suspect that "anything you say can and will be used against you," without expressly excepting the statement just given, could lead to an entirely reasonable inference that what he has just said will be used, with subsequent silence being of no avail. Thus, when *Miranda* warnings are inserted in the midst of coordinated and continuing interrogation, they are likely to mislead and "depriv[e] a defendant of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them." *Moran v. Burbine,* 475 U.S. 412, 424, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). By the same token, it would ordinarily be unrealistic to treat two spates of integrated and proximately conducted questioning as independent interrogations subject to independent evaluation simply because *Miranda* warnings formally punctuate them in the middle.

*Id.* at 613 – 614 (footnote omitted.)

The officers in this case, as in *Seibert* and *Pacheco-Lopez,* did nothing to mitigate the effects on Wooten of his unwarned confession. These cases contemplate either a substantial break in the interrogation, both in time and place, or an advisement that the prior, unwarned statement could not be used against the detainee. Neither factor is present in this case.

Given the foregoing, Wooten submits that the district court clearly erred when it found that the on-scene questioning and the stationhouse questioning amounted to separate and distinct interrogations. And given this clearly erroneous finding, the court misapplied *Seibert* and *Pacheco-Lopez* to the facts of this case and reached an incorrect legal conclusion.

## CONCLUSION

Wherefore, Wooten's convictions and sentences should be vacated and this matter remanded to the district court for further proceedings.

Respectfully submitted,

*/s/ Jeffrey P. Nunnari*
Jeffrey P. Nunnari
Counsel for Appellant

Dated: October 29, 2013

17

## **DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Description | Record Item Number |
| --- | --- |
| Wooten's Motion to Suppress | RE# 18, Page ID 71 – 76 |
| Wooten's Reply Brief | RE# 23, Page ID 111 – 122 |
| Order of May 10, 2012 | RE# 25, Page ID 124 – 125 |
| Wooten's Supplemental Brief | RE# 27, Page ID 127 – 132 |
| Government's Response to Supplemental Brief | RE# 30, Page ID 136 – 145 |
| Transcript of Suppression Hearing | RE# 32, Page ID 154 – 335 |
| Order of June 29, 2012 | RE# 33, Page ID 336 – 345 |
| Superseding Indictment | RE# 35, Page ID 347 – 352 |
| Notice of Appeal | RE# 52, Page ID 413 |
| Judgment and Commitment | RE# 55, Page ID 417 – 424 |
| Transcript of Trial Proceedings, 12-10-12 | No RE#; No Page IDs |
| Transcript of Trial Proceedings, 12-11-12 | No RE#; No Page IDs |

## CERTIFICATION

This is to certify that a copy of the foregoing will be available to Assistant United States Attorney Hala Jarbou, Esq., via this court's ECF system on the date that it is filed, and was served upon Thomas Wooten, USM #46423-039, at the Macomb County Jail, P.O. Box 2308, Mt. Clemens, MI 48046-2308, by ordinary U.S. Mail, postage prepaid, on the 30th day of October, 2013.

*/s/ Jeffrey P. Nunnari*